# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID W. BEATTIE *et al.*,

    *Plaintiffs,*

vs.

THE WILLIAMS COMPANIES, INC., *et al.,*

    *Defendants.*

Case No. 16-1430-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiffs David and Rhonda Beattie assert that Defendants The Williams Companies ("TWC") and Mid-Continent Fractionation and Storage, LLC ("MCFS") breached a settlement agreement. There are a multitude of motions before the Court, including two motions to dismiss, one motion for leave to file an amended complaint, and two motions for hearings on these motions.

MCFS asserts that this Court lacks subject matter jurisdiction because complete diversity does not exist. Plaintiffs do not contest MCFS's assertion that diversity jurisdiction is lacking but instead attempt to amend their complaint to assert a federal claim. Because the Court does not have subject matter jurisdiction, and Plaintiffs' attempt to add a federal claim is improper, the Court grants MCFS's motion and denies Plaintiffs' motion to amend. The remaining motions are moot.

## I. Factual and Procedural Background

Plaintiffs David and Rhonda Beattie, owners of property in McPherson County, originally filed a Complaint against TWC in December 2016. TWC is a corporation organized in Delaware. Plaintiffs suffered hardships, health issues, loss of the use of their home, and damages to their farm operations and personal property due to TWC's use of brine ponds adjacent to their property.

Plaintiffs and TWC negotiated a settlement agreement for the settlement and release of their claims, as well as for the sale of Plaintiffs' land. Plaintiffs state that the parties had agreed to all the material terms through electronic messages and a written agreement from TWC. Plaintiffs allege that TWC had agreed to purchase Plaintiffs' land (240 acres) for $2,400,000 and the residences and other buildings on the land for an additional $700,000 totaling $3,100,000. TWC allegedly reneged on this agreement and Plaintiffs seek to enforce it.

After Plaintiffs filed their Complaint, TWC filed a Motion to Dismiss asserting that it did not own the brine ponds and that it had not made any attempt to purchase land from Plaintiffs. TWC stated that it was incorporated in Delaware and its principal place of business was in Oklahoma. TWC also asserted that it held an interest in a subsidiary company (Williams Partners, L.P.) which owned a subsidiary company (Williams Partners Operating, LLC) which owned a subsidiary company (Williams Field Services Group, LLC) which owned an entity named MCFS. TWC stated that MCFS is the entity that owns the brine ponds adjacent to Plaintiffs' property, and MCFS had made efforts to purchase certain parcels of the land identified by Plaintiffs over the last few years. Accordingly, TWC alleged that MCFS would be the proper party defendant and that this Court did not have personal jurisdiction over TWC.

Instead of filing a response, Plaintiffs filed an Amended Complaint and added MCFS as an additional Defendant. Plaintiffs' allegations did not change but they stated several additional facts. Plaintiffs assert that all of their communications regarding the alleged settlement agreement were through "Williams" and "Williams Companies." They allege that they never dealt with anyone purporting to represent MCFS in the transaction, but out of an abundance of caution, they were adding MCFS as a defendant.

TWC again filed a Motion to Dismiss (Doc. 10) asserting that Plaintiffs had sued the wrong party and that the Court lacked personal jurisdiction over it. On April 13, 2017, MCFS filed its Answer to Plaintiffs' Complaint in which it stated that it was a foreign limited liability company organized under Delaware law and could be served on its registered agent in Topeka, Kansas. In addition, MCFS stated that upon current information and belief, MCFS admitted that the action involved a dispute between citizens of different states and in an amount in excess of $75,000.

Approximately one month later, MCFS filed a Motion to Dismiss (Doc. 28) asserting that the Court lacks subject matter jurisdiction. MCFS states that after a lengthy analysis of its entity structure, it discovered that it has unit holders in Kansas which destroys Plaintiffs' allegation of diversity jurisdiction. Thus, MCFS seeks dismissal of the entire action.

Plaintiffs filed a response and a Motion for Leave to Amend Complaint (Doc. 36). They do not contest that MCFS is considered a citizen of Kansas and diversity jurisdiction may be lacking. Instead, they seek leave to add a federal claim under the Clean Air Act in an effort to establish this Court's subject matter jurisdiction. Plaintiffs have also filed two motions for hearings on the Motions to Dismiss and Motion for Leave to File Amended Complaint (Docs. 37, 45).

## II. Legal Standard

Rule 12(b)(1) motions take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to the court's jurisdiction; or (2) a factual attack on the facts upon which subject matter jurisdiction is based.[1] Generally, the Court "must accept the allegations in the complaint as true."[2] But in reviewing a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations."[3] In a factual challenge under Rule 12(b)(1), the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[4] Once subject matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of proof.[5]

## III. Analysis

There are two motions to dismiss before the Court. Defendant MCFS seeks dismissal of the case on the basis that the Court lacks subject matter jurisdiction. MCFS asserts that it is a Kansas citizen because as an unincorporated association, it takes on the citizenship of its members. MCFS states that its member (three times removed), Williams Partners L.P. ("WPZ"), is a publicly traded master limited partnership and has unitholders that are Kansas residents.

---

[1] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[2] *Id*. at 1002.

[3] *Id*. at 1003.

[4] *Id*.

[5] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Thus, MCFS contends that it and Plaintiffs are both citizens of Kansas and the Court therefore lacks subject matter jurisdiction because complete diversity is lacking.[6]

Whether the Court has subject matter jurisdiction is dispositive to the entire case, so the Court will address this motion first. In response to MCFS's Motion to Dismiss for lack of subject matter jurisdiction, Plaintiffs filed a response and a Motion for Leave to File an Amended Complaint. Plaintiffs do not address the diversity issue and appear to concede that the parties are not diverse. Instead, Plaintiffs seek leave to amend their complaint and add a federal claim in an effort "to do away with the necessity of showing diversity jurisdiction." Thus, the issue is whether the Court can allow Plaintiffs leave to amend their complaint to add a federal claim in an effort to establish subject matter jurisdiction when jurisdiction is currently lacking. The Court concludes that it cannot.

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Although Plaintiffs do not cite to this statute, it appears that they are attempting to amend their Complaint to establish jurisdiction. Plaintiffs, however, are not attempting to remedy an insufficient or defective diversity allegation, but instead are attempting to assert a federal claim never previously alleged.

> Section 1653 permits amendment of incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. In other words, [s]ection 1653 does not allow the Court to amend a pleading so as to produce jurisdiction where none actually existed before. Section 1653 is designed

---

[6] Defendant TWC seeks dismissal on the basis that the Court lacks personal jurisdiction over it. TWC states that it is a Delaware corporation with its principal place of business in Oklahoma and that it has no employees, offices, or business operations in Kansas. TWC owns an interest in several subsidiary companies, including MCFS, and MCFS is allegedly the company that owns the brine ponds at issue in this lawsuit. Thus, TWC asserts that it is not the proper Defendant and that the Court lacks personal jurisdiction over it.

to broadly permit amendment of jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds.[7]

The Court has discretion in applying § 1653.[8]

Prior to Plaintiffs' request for leave to amend, there were no federal cause of action allegations, and jurisdiction was not premised on a federal question. Instead, Plaintiffs alleged that the Court had subject matter jurisdiction due to the diversity of the parties pursuant to 28 U.S.C. § 1332. Plaintiffs' concession that the parties are not completely diverse precludes this Court from having subject matter jurisdiction on the basis of diversity.[9] Thus, because the Court does not have subject matter jurisdiction, and Plaintiffs attempt to allege an entirely new basis for subject matter jurisdiction is improper, the Court grants MCFS's Motion to Dismiss and denies Plaintiffs' Motion for Leave to Amend Complaint.[10]

**IT IS THEREFORE ORDERED** that Defendant MCFS's Motion to Dismiss (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 36) is **DENIED**.

---

[7] *Geismann v. Aestheticare*, *LLC*, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008) (internal quotation marks and citations omitted) (discussing § 1653 in the context of whether a defendant could amend a notice of removal from state court in an effort to establish the district court's subject matter jurisdiction on the basis of diversity and the amount in controversy).

[8] *Id.*

[9] To the extent that Plaintiffs may argue that they did not concede this point, they made no attempt to address the jurisdictional diversity issue or any effort to establish jurisdiction on the basis of diversity. As noted above, once subject matter jurisdiction is challenged, the burden is on the party claiming jurisdiction to demonstrate it.

[10] Plaintiffs erroneously state that the current action will continue against TWC should the Court grant MCFS's Motion to Dismiss. This contention is incorrect as the entire case will be dismissed because the Court lacks subject matter jurisdiction because all parties are not diverse.

**IT IS FURTHER ORDERED** that Defendant TWC's Motion to Dismiss (Doc. 10), Plaintiffs' Motion to Stay Discovery (Doc. 29), Plaintiffs' Motions for Hearing (Docs. 37, 45) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE